**STATE of Missouri, Respondent,**

v.

**Elmer HARDYWAY, Appellant.**

**No. WD 32489.**

Missouri Court of Appeals,
Western District.

July 27, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and
Denied Aug. 31, 1982.

Application to Transfer Denied
Oct. 18, 1982.

William M. Barvick, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Elmer Hardyway was found guilty by a jury of offering violence to a guard of the

State Division of Corrections. Section 216.-460, RSMo 1978. The jury assessed punishment at three years imprisonment and the court sentenced Hardyway to serve three years at the termination of the sentence which he was presently serving.

On this appeal Hardyway contends the court erred in refusing to give the self-defense instruction offered by him and in giving the self-defense instruction which it gave. Affirmed.

Hardyway was confined in the penitentiary in Jefferson City. Corrections Officer Dudenhoeffer went to Hardyway's cell on the instruction of Sgt. Jones to move Hardyway to another cell. The State's evidence was that when Dudenhoeffer told Hardyway to change cells, Hardyway became very loud in his protests. On hearing the loud talking, Sgt. Jones, together with Officer Wolff, went to the cell where Hardyway and Dudenhoeffer were talking. Jones stepped between Hardyway and Dudenhoeffer and attempted to calm Hardyway and Hardyway struck Jones in the face with his fist. A scuffle or fight ensued during which Dudenhoeffer was also struck by Hardyway before Hardyway was subdued.

Hardyway produced two prison inmates who testified that Dudenhoeffer came to the Hardyway cell and Dudenhoeffer became loud and abusive in his conversation with Hardyway. The inmates agreed that Jones and Wolff came to the cell and that Jones stood next to Hardyway. Both inmates testified that Wolff was behind Jones when he suddenly reached over Jones and struck Hardyway in the face. A fight immediately erupted after this blow was struck involving Hardyway and all of the guards. Hardyway testified to the same effect except that he stated he did not know which of the guards struck him. The court gave an instruction [1] on self-defense. Hardyway also offered an instruction on self-defense which the court refused.

■ Hardyway contends the court erred in refusing his instruction. It is sufficient to note that although the instruction Hardyway offered follows MAI–CR2d 2.41.1, it includes portions of paragraph 4 of that instruction which were not supported by the evidence. For instance, the proffered instruction contains the paragraph concerning threats made by Jones to Hardyway. There is no evidence from anyone that Jones had made any threats to Hardyway. Hardyway concedes in his brief that his instruction is defective, but states the instruction given is likewise erroneous. It is true that the court was required to give an instruction on self-defence even if the instruction on that subject offered by Hardyway was defective. *State v. Spencer,* 307 S.W.2d 440, 443[1] (Mo.1957).

■ Hardyway contends the instruction given is erroneous because in the second paragraph it states: "from what he reasonably believed to be the use of unlawful force by Jack Jones." Hardyway contends that since his evidence, which gives rise to the defense of self-defense, indicated that the first blow was struck by Wolff, the instruction should have mentioned Wolff in the portion just quoted instead of Jones. This argument overlooks the fact that the second paragraph begins with the statement that "[i]f the defendant was not the initial aggressor in the encounter with Jack

---

1. "One of the issues in this case is whether the use of physical force against Jack Jones was justifiable. The use of physical force is justifiable if used in lawful self-defense. On that issue you are instructed as follows:

   1. The state has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense. If the evidence in this case leaves in your mind a reasonable doubt as to whether the defendant acted in lawful self-defense in using physical force against Jack Jones, you must find the defendant not guilty.

2. If the defendant was not the initial agressor [sic] in the encounter with Jack Jones and if the defendant reasonably believed it was necessary to use such physical force as he used in order to protect himself from what he reasonably believed to be the use of unlawful force by Jack Jones, then the defendant acted in lawful self-defense and must be acquitted.

3. In determining whether or not the defendant acted in lawful self-defense you should consider all of the evidence in the case."

Jones ..." The instruction does not make any statement as to the identity of the aggressor other than that it was not Hardyway. That is consistent with Hardyway's evidence. The portion of the instruction relating to the use of unlawful force by Jack Jones is consistent with Hardyway's evidence that after Wolff struck the first blow, Jones, as well as the other guards, attacked Hardyway and subdued him. Hardyway's evidence indicated that Jones and the other guards struck Hardyway during this scuffle or fight. The instruction did not deprive Hardyway of his defense by failing to mention Wolff because is simply required the jury to find that someone besides Hardyway was the initial aggressor. That is consistent with Hardyway's evidence. This instruction fairly presented to the jury the choice of believing whether Hardyway was the initial aggressor or one of the guards struck the first blow.

Further, the given instruction strictly follows MAI–CR2d 2.41.1[2] which requires the name of the victim to be inserted at the place in paragraph two where the name of Jack Jones was inserted in connection with the use of unlawful force by Jones. Of course, when an MAI–CR2d is applicable, then it must be given to the exclusion of all others. Rule 28.02(c); *State v. Moore,* 615 S.W.2d 108, 109[1] (Mo.App. 1981).

The judgment is affirmed.

All concur.